UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v().  CASE No. 5:14-cr-34-Oc-10PRL

JENIFER E. HOFFMAN
JOHN C. BOSCHERT
BRYAN T. ZUZGA

18 U.S.C. § 1343
18 U.S.C. § 1349
26 U.S.C. § 7206(1)
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A. Introduction

At times material to this Indictment:

1. Assured Capital Consultants, LLC (Assured Capital Consultants) was a Florida limited liability company that, through its principals and sales people, claimed to be in the business of offering investment opportunities.

2. DAH Management, Inc. (DAH) was a Florida corporation that was used to move, hold, and transfer some of the money that was invested with Assured Capital Consultants.

### B. Conspiracy

3. Beginning at a time unknown to the Grand Jury, but beginning at least by in or about January 2009, and continuing thereafter through and including in or about August 2013, in Lake and Orange Counties, Florida, in the Middle District of Florida, and elsewhere,

**JENIFER E. HOFFMAN**
**JOHN C. BOSCHERT**
**BRYAN T. ZUZGA**

the defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with each other and others, both known and unknown to the Grand Jury, to commit wire fraud, by knowingly, willfully, and with intent to defraud devising and intending to devise a scheme and artifice to defraud, and for obtaining money and property, by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing the aforesaid scheme and artifice to defraud, knowingly transmitting and causing to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any matter and thing, in violation of Title 18, United States Code, Section 1343.

### C. Manner and Means

4. It was part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did unlawfully devise and execute a scheme and artifice to defraud investors, and representatives of investors, of money and property by means of materially false and fraudulent pretenses, representations and promises.

5. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did obtain money,

and attempt to obtain money, from individuals and others through investments offered in connection with Assured Capital Consultants.

6. It was a further part of the conspiracy that the investments with Assured Capital Consultants offered by defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury were not legitimate investments, but were a "Ponzi" scheme by which money from later investors would be paid to earlier investors.

7. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA and other co-conspirators known and unknown to the Grand Jury would and did solicit individuals, and representatives of those individuals, to invest with Assured Capital Consultants by means of false and fraudulent pretenses, representations and promises that related to material facts, including, but not limited to, the following:

    a. False claims that money invested with Assured Capital Consultants would be invested in a Performing Private Placement Investment that was being managed by a confidential Trade Platform and that the funds were going to be used as collateral for a line-of-credit that was going to be used in trading;

    b. False claims that money invested with Assured Capital Consultants was not at risk and was safe and secure;

    c. False claims that JOHN C. BOSCHERT had connections to the trading programs that would be used;

  d. False claims that money invested with Assured Capital Consultants would be held in escrow under the terms of an "Escrow Agreement" that was entered into by "Bryan T. Zuzga, PA, a Florida Company," and that was signed by BRYAN T. ZUZGA using the title "Bryan T. Zuzga, Esq.";

  e. False claims that BRYAN T. ZUZGA was a licensed attorney who worked at the law firm of Bryan T. Zuzga, P.A.;

  f. False claims that BRYAN T. ZUZGA was the signatory of the escrow account where money invested with Assured Capital Consultants would be held;

  g. False claims that the principal of any money invested with Assured Capital Consultants would stay in escrow in BRYAN T. ZUZGA's trust account and would not be removed from that account;

  h. False claims that money invested with Assured Capital Consultants would stay in BRYAN T. ZUZGA's trust account and that other money would be used for investment;

  i. False claims that money invested with Assured Capital Consultants would result in extremely high rates of return of between 25% to 45% a week as a result of the trading programs in which Assured Capital Consultants was involved;

  j. False claims that investments with Assured Capital Consultants would not be used for purposes other than investment; and

  k. False claims that the entire principal of any investment with Assured Capital Consultants could be withdrawn after 10 days.

8. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did prepare, and caused to be prepared, documents and other materials that contained the false claims described in paragraph 7 above, including, but not limited to, documents entitled, "Joint Venture Business Agreement," "Business Co-Operation Agreement," and "Escrow Agreement."

9. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did send, and caused to be sent, to investors and others by United States Mail and interstate wire, the documents referenced in paragraph 8 above.

10. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did authorize individuals to solicit investments with Assured Capital Consultants in exchange for receiving a commission that would be calculated based on a percentage of the principal that was invested with Assured Capital Consultants.

11. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury used the money that had been invested with Assured Capital Consultants for purposes other than what had been represented to investors and their representatives.

12. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did lull, and attempt to lull, investors into believing that they would be able to obtain their money back, including interest, by falsely representing to investors and others the reasons why they had not received their money.

13. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury, in an effort to lull investors into a false sense of security concerning their investments and to convince investors that they would be receiving their money back, would and did cover-up, and attempt to cover-up, their conspiracy and scheme to defraud by engaging in the following:

   a. Falsely representing that investments with Assured Capital Consultants were profitable and earning the promised rates of return, when, in truth and in fact, as the defendants then and there well knew, the investments were not earning the promised rates of return and money from later investors was being used to pay earlier investors;

   b. Falsely representing that over $25 million had been deposited into a bank account for Assured Capital Consultants; and

   c. Providing investors with sham verification letters notarized by BRYAN T. ZUZGA that represented that Assured Capital Consultants had $500 million at a Panamanian bank.

14. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did receive over $25 million from at least 100 investors, and representatives of those investors, as a result of devising and executing the conspiracy and scheme and artifice to defraud described in Count One of this Indictment.

15. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did use portions of the money that was obtained as a result of devising and executing the conspiracy and scheme and artifice to defraud described in Count One of this Indictment for their own personal use.

16. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-conspirators known and unknown to the Grand Jury would and did use interstate wires to further this scheme, including by making interstate telephone calls to investors located outside of Florida, by receiving interstate telephone calls from those investors, by using interstate wires to send emails to investors, by using interstate wires to receive emails from Investors, and by receiving wire transfers of funds from outside of Florida into an account of Assured Capital Consultants located in the Middle District of Florida.

17. It was a further part of the conspiracy that defendants JENIFER E. HOFFMAN, JOHN C. BOSCHERT, BRYAN T. ZUZGA, and other co-

conspirators known and unknown to the Grand Jury would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme to defraud and the acts committed in furtherance thereof.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TWELVE

18. The allegations contained in paragraphs 1 through 2 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

19. Beginning at a time unknown to the Grand Jury, but beginning at least by in or about January 2009, and continuing thereafter through and including in or about August 2013, in Lake and Orange Counties, Florida, in the Middle District of Florida, and elsewhere,

**JENIFER E. HOFFMAN**
**JOHN C. BOSCHERT**
**BRYAN T. ZUZGA**

the defendants herein, did knowingly, willfully, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises that related to material facts, which scheme and artifice is described as follows:

### A. Manner and Means

20. The substance of the scheme and artifice and its manner and means are set forth in paragraphs 4 through 17 of Count One of the Indictment, the allegations of which are repeated and realleged as if fully set forth herein.

## B. <u>Wires</u>

21. On or about the dates set forth below, in the Middle District of Florida, and elsewhere,

**JENIFER E. HOFFMAN**
**JOHN C. BOSCHERT**
**BRYAN T. ZUZGA**

the defendants herein, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Description of Interstate Wires |
|---|---|---|
| 2 | 8/13/2009 | Wire transfer of $50,000 to escrow account of Assured Capital Consultants from an individual with the initials of F.W. |
| 3 | 8/13/2009 | Wire transfer of $100,000 to escrow account of Assured Capital Consultants from C.B. |
| 4 | 8/13/2009 | Wire transfer of $100,000 to escrow account of Assured Capital Consultants from Robinson Industries |
| 5 | 8/19/2009 | Wire transfer of $500,000 to escrow account of Assured Capital Consultants from an individual with the initials of D.W. |
| 6 | 8/27/2009 | Wire transfer of $20,000 to escrow account of Assured Capital Consultants from an individual with the initials of J.C. |
| 7 | 8/28/2009 | Wire transfer of $100,000 to escrow account of Assured Capital Consultants from Trinity Capital Resources |
| 8 | 9/02/2009 | Wire transfer of $100,000 to escrow account of Assured Capital Consultants from Lukelane Investments LLC |
| 9 | 9/04/2009 | Wire transfer of $100,000 to escrow account of Assured Capital Consultants from an individual with the initials of W.R. |
| 10 | 9/17/2009 | E-mail from BRYAN T. ZUZGA to an individual with the initials of M.D. |

| 11 | 10/23/2009 | E-mail from JENIFER E. HOFFMAN to an individual with the initials of K.Y. |
| 12 | 10/24/2009 | E-mail from JENIFER E. HOFFMAN to individuals with the initials of S.M. and J.M. |

All in violation of Title 18, United States Code, Section 1343 and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

On or about November 19, 2012, in Lake County, in the Middle District of Florida, and elsewhere,

## JENIFER E. HOFFMAN

the defendant herein, did knowingly and willfully make and subscribe a Form 1040, U.S. Individual Income Tax Return, which was verified by a written declaration that it was made under penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the defendant falsely represented on a Schedule C to her Form 1040, U.S. Individual Income Tax Return, that the gross income that she received from Assured Capital Consultants, LLC in calendar year 2009 was $260,000, when, in truth and in fact, as the defendant then and there well knew, her gross income from Assured Capital Consultants, LLC for calendar year 2009 was $1,937,431.96.

All in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE

1.  The allegations contained in Counts One through Twelve of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.   Upon conviction of the violations alleged in Counts One through Twelve of this Indictment, punishable by imprisonment for more than one year, the defendants,

**JENIFER E. HOFFMAN**
**JOHN C. BOSCHERT**
**BRYAN T. ZUZGA**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including, but not limited to a money judgment in the amount of $11,630,499.34 representing the amount of proceeds obtained by the defendants as a result of the allegations alleged in Counts One through Twelve of the Indictment.

3.   If any of the property described above, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney

By: _____
James Mandolfo
Assistant United States Attorney

By: _____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

# UNITED STATES DISTRICT COURT
Middle District of Florida
Ocala Division

THE UNITED STATES OF AMERICA

vs.

JENIFER E. HOFFMAN
JOHN C. BOSCHERT
BRYAN T. ZUZGA

## INDICTMENT

Violations:

18 U.S.C. § 1343
18 U.S.C. § 1349
26 U.S.C. § 7206(1)

A true bill,

_____
Foreperson

Filed in open court this 13th day

of August, 2014.

_____
Clerk

Bail   $_____

GPO 863 525